UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**TARYN MOSLEY**, individually and on
behalf of others similarly situated,

        Plaintiff,

vs.

**IAS LOGISTICS DFW, LLC** d/b/a
**PINNACLE LOGISTICS**,

        Defendant.

Civil Case No.:

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Taryn Mosley, individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant IAS Logistics DFW, LLC d/b/a Pinnacle Logistics, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.    Plaintiff brings this action for herself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.    Plaintiff also brings this action for herself and on behalf of all other similarly situated Rule 23 class members to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania

Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

3.      Defendant "is a leading provider of trucking and aviation services across the United States" and provides a range of logistic and ground support equipment leasing services including local delivery, warehouse management, loading and unloading cargo aircraft, etc.[1]

4.      Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid workers subject to Defendant's unlawful common policies and practices involving the failure to pay the workers for all hours worked.

5.      Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether the workers received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals. *See* 29 CFR § 785.19; 34 Pa. Code § 231.1.

6.      Plaintiff and the putative FLSA collective and Rule 23 class members regularly worked through meal breaks and did not receive uninterrupted *bona fide* meal breaks, yet Defendant failed to compensate them for such working time.

7.      Defendant violated its statutory and contractual obligations by failing to pay the workers including Plaintiff for all hours worked including straight time and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty per week.

8.      Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> All hourly-paid employees of Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.

---

[1] *See* Defendant's website: https://www.pinnaclelogistics.com/about-us/ (last accessed April 7, 2020).

9.      Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

10.     Plaintiff asserts the PMWA and WPCL claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid employees of Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

11.     Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14.     The Court has personal jurisdiction over Defendant because it engaged in systematic and continuous contacts with the Commonwealth of Pennsylvania by, *inter alia*, employing individuals to work out of Pennsylvania, including Plaintiff, and Plaintiff's claims arise out of those contacts.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

**PARTIES**

16.     Defendant IAS Logistics DFW, LLC, doing business as Pinnacle Logistics, is a for profit entity created and existing under and by virtue of the laws of the State of Delaware.

17.     According to its website, Defendant maintains headquarters at 111 W 4th Street, Suite 301, Fort Worth, TX 76102 and 13 service locations in the States of Connecticut, Illinois, Maryland, Minnesota, Pennsylvania and Texas.[2]

18.     IAS Logistics DFW, LLC has two members: Harry Combs ("Combs") and Everett Wheeling ("Wheeling").

19.     Combs is a citizen of the State of Colorado and Wheeling is a citizen of the State of Texas.

20.     Plaintiff Taryn Mosley ("Mosley") is a resident of the County of Northampton and Commonwealth of Pennsylvania.

21.     Mosley was employed by Defendant as an hourly-paid employee from approximately April 30, 2018 through December 5, 2019.

22.     Mosely was an hourly-paid administration agent from approximately April 2018 to April 2019.

23.     The position of administration agent has been classified at all times material to this Complaint as non-exempt.

24.     Mosely was an hourly-paid administration supervisor from approximately May 2019 to December 2019.

25.     The position of administration supervisor has been classified at all times material

---

[2] *See* Defendant's website: https://www.pinnaclelogistics.com/network/ (last accessed April 7, 2020).

to this Complaint as non-exempt.

26.     Defendant employed Mosley to work at the Allentown, Pennsylvania service locations: 2202 Hangar Place, Allentown, PA 18109 and 1435 N Maxwell Street, Allentown, PA 18109.

27.     Mosley's hourly rate was $18 when she was separated from the company.

28.     Mosley's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

29.     Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

30.     Defendant has generated over $500,000 in revenue per year.

31.     Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

32.     Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

33.     At all relevant times alleged herein, Defendant was/is the "employer" of Plaintiff and the putative collective/class members within the meaning of 29 U.S.C. § 203(d) of the FLSA and 43 P.S. § 333.103(g) of the PMWA and 43 P.S. § 260.2a. of the WPCL.

34.     Plaintiff and the putative collective/class members were/are "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and 43 P.S. § 333.103(h) of the PMWA.

35.     Defendant "suffered or permitted" Plaintiff and the putative collective/class members to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA

and 43 P.S. § 333.103(f) of the PMWA.

36.     Defendant, directly or indirectly, hired Plaintiff and the putative collective/class members and determined the rate and method of the payment of their wages.

37.     Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiff and the putative collective/class members.

38.     Plaintiff and the putative collective/class members performed primary job duties that do not fall within any exemptions from overtime under the FLSA and PMWA.

39.     An implied-in-fact agreement existed between Defendant and Plaintiff and the putative collective/class members that they were to be compensated for all hours worked during their employment with Defendant.

40.     Defendant required Plaintiff and the putative collective/class members to regularly work more than forty hours per week.

41.     Plaintiff regularly worked five and occasionally more than five shifts per week.

42.     Plaintiff regularly worked more than forty hours per week.

43.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether Plaintiff and the putative collective/class members received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals. *See* 29 CFR § 785.19; 34 Pa. Code § 231.1.

44.     Plaintiff and the putative collective/class members regularly worked through meal breaks and did not receive uninterrupted *bona fide* meal breaks.

45.     Even though Plaintiff and the putative collective/class members did not take *bona fide* meal breaks during the work shifts, Defendant shorted them thirty minutes of pay for each shift they worked.

6

46.     Plaintiff complained to management about being shorted pay for meal breaks that she did not take.

47.     Despite the complaint to management about being shorted pay, Defendant failed to compensate Plaintiff for all hours worked.

48.     Plaintiff also communicated to management about other workers' complaints of being shorted pay for meal breaks that they did not take.

49.     Defendant failed to compensate Plaintiff and the putative collective/class members for all hours worked.

50.     Defendant violated its statutory and contractual obligations by failing to pay Plaintiff and the putative collective/class members for all hours worked including straight time and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty per week.

51.     Plaintiff and the putative collective/class members were subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA, PMWA and WPCL.

52.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

53.     Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

55.    Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

56.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid employees of Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

57.    As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty per workweek as required by the FLSA.

58.    Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

59.    The collective action further alleges a willful violation of the FLSA and seeks an additional third year of limitations.

60.    Plaintiff seeks to send Notice to the hourly-paid workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

61.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

62.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that has often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

63.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

64.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

65.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL").

66.     Plaintiff brings this Rule 23 class action on behalf of:

> *All hourly-paid employees of Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

67.     Plaintiff brings this Rule 23 class action against Defendant to recover unpaid

straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the PMWA and WPCL.

68.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Pennsylvania.   The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

69.     There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

70.     Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.    All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

71.     Plaintiff was employed by Defendant in the same capacity as all of the class members.    All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

72.     Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage

and hour class actions.   Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

73.     Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

74.     Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
### (29 U.S.C. § 216(b) Individual Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### Failure to Pay Overtime Wages

75.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

76.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

77.     Plaintiff regularly worked over forty hours per week for Defendant.

78.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether Plaintiff received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

79.     Plaintiff regularly worked through meal breaks and did not receive *bona fide* meal breaks.

80.     Defendant failed to compensate Plaintiff for all hours worked.

11

81.     Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

82.     Defendant failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty per week.

83.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

84.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

85.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, <em>et seq.</em>**
**Failure to Pay Overtime Wages**

86.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

87.     Plaintiff and the FLSA collective members worked over forty hours a week for Defendant in several workweeks.

88.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether Plaintiff and the FLSA collective members received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

89.     Plaintiff and the FLSA collective members regularly worked through meal breaks and did not receive *bona fide* meal breaks.

90.     Defendant failed to compensate Plaintiff and the FLSA collective members for all hours worked.

91.     Plaintiff and the FLSA collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

92.     Defendant failed to pay Plaintiff and the FLSA collective members overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty per week.

93.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

94.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

95.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Individual Claims)
### Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*
### Failure to Pay Overtime Wages

96.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

97.     Plaintiff regularly worked over forty hours per week for Defendant.

98.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether Plaintiff received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

13

99.     Plaintiff regularly worked through meal breaks and did not receive *bona fide* meal breaks.

100.     Defendant failed to compensate Plaintiff for all hours worked.

101.     Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the PMWA.

102.     Defendant failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty per week.

103.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

104.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

### COUNT IV
### (Fed R. Civ. P. 23 Class Action Claims)
### <u>Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*</u>
### <u>Failure to Pay Overtime Wages</u>

105.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

106.     Plaintiff and the Rule 23 class members worked over forty hours a week for Defendant in several workweeks.

107.     Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether Plaintiff and the Rule 23 class members received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

108.     Plaintiff and the Rule 23 class members regularly worked through meal breaks and

14

did not receive *bona fide* meal breaks.

109.   Defendant failed to compensate Plaintiff and the Rule 23 class members for all hours worked.

110.   Plaintiff and the Rule 23 class members performed primary job duties that do not fall within any exemptions from overtime under the PMWA.

111.   Defendant failed to pay Plaintiff and the Rule 23 class members overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty per week.

112.   Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

113.   As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

**COUNT V**
**(Individual Claims)**
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.***
**Failure to Pay Wages**

114.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

115.   Plaintiff regularly worked over forty hours per week for Defendant.

116.   Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether Plaintiff received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

117.   Plaintiff regularly worked through meal breaks and did not receive *bona fide* meal

15

breaks.

118.    Defendant failed to compensate Plaintiff for all hours worked.

119.    An implied-in-fact agreement existed between Defendant and Plaintiff that Plaintiff was to be paid for all hours she worked for Defendant.

120.    Defendant failed to pay Plaintiff for all hours worked including straight time and overtime compensation.

121.    Defendant violated its statutory and contractual obligations by failing to pay Plaintiff for all hours she worked for Defendant.

122.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

123.    As a result of Defendant's conduct described above, Plaintiff was illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

**COUNT VI**
**(Fed R. Civ. P. 23 Class Action Claims)**
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.***
**Failure to Pay Wages**

124.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

125.    Plaintiff and the Rule 23 class members worked over forty hours a week for Defendant in several workweeks.

126.    Defendant implemented a company-wide policy of automatically deducting 30 minutes of pay for meal break per work shift irrespective of whether Plaintiff and the Rule 23 class members received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals.

127.   Plaintiff and the Rule 23 class members regularly worked through meal breaks and did not receive *bona fide* meal breaks.

128.   Defendant failed to compensate Plaintiff and the Rule 23 class members for all hours worked.

129.   An implied-in-fact agreement existed between Defendant and Plaintiff and the Rule 23 class members that they were to be compensated for all hours worked during their employment with Defendant.

130.   Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked including straight time and overtime compensation.

131.   Defendant violated its statutory and contractual obligations by failing to pay Plaintiff and the Rule 23 class members for all hours she worked for Defendant.

132.   Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

133.   As a result of Defendant's conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)   A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*;

(C)     An Order for injunctive relief ordering Defendant to comply with the FLSA, PMWA and WPCL, and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the PMWA and WPCL claims set forth herein;

(F)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)     Designating Lead Plaintiff as the representative of the FLSA collective and Rule 23 class in this action;

(I)     Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)     Judgment for damages for all unpaid overtime wages and liquidated damages to which

Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.;*

(K)    Judgment for damages for all unpaid overtime wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.;*

(L)    Judgment for damages for all unpaid wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.;*

(M)    An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(N)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, PMWA and WPCL;

(O)    Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(P)    Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: April 13, 2020                    **BROWN, LLC**

                                   By: _____

                                      Jason T. Brown

111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Attorneys for Plaintiff*

# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**TARYN MOSLEY**, *Individually and On Behalf*
*of All Others Similarly Situated*,

Plaintiff,

    v.

Civil Case No.:

**IAS LOGISTICS DFW, LLC** d/b/a

**PINNACLE LOGISTICS**,

Defendant.

### CONSENT TO SUE

    I hereby consent to be a Plaintiff in the Fair Labor Standards Act case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid minimum wages, overtime, liquidated damages, attorney's fees, costs and other relief) and applicable state wage and hour law against the Defendant(s). I further consent to bringing these claims on a collective and/or class basis with other current/former employees of Defendant(s), to be represented by Brown, LLC, and to be bound by any settlement of this action or adjudication by the Court.

**Signed:** _____    **Dated:** 04 / 11 / 2020 _____

**Name:**    Taryn Mosley

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TARYN MOSLEY, individually and on behalf of others similarly situated, | : : : | CIVIL ACTION |
| v. | : : | |
| IAS LOGISTICS DFW, LLC d/b/a PINNACLE LOGISTICS, | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 4/13/20 | (Jason Brown) | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (877) 561-0000 | (855) 582-5297 | jtb@jtblawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1033 Seneca St. Bethlehem, PA 18015 _____

Address of Defendant: _____ 111 W 4th Street, Suite 301 Fort Worth TX 76102 _____

Place of Accident, Incident or Transaction: _____ 2202 Hanger Place, Allentown, PA 18109 & 1435 N Maxwell Allentown, PA 18109 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ n/a _____     Judge: _____ n/a _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/13/20_     _(must sign here) (Jason Brown)_     **PA Bar #79369**
                    Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

| | |
|---|---|
| **A.**     *Federal Question Cases:* | **B.**     *Diversity Jurisdiction Cases:* |
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☐ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases |      *(Please specify):* _____ |
| ☑ 11. All other Federal Question Cases | |
|      *(Please specify):* ____ | |

Fair Labor Standards Act ("FLSA"), and U.S.C. §201 and 29 C.F.R. § 516

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Jason T. Brown _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _4/13/20_     _(signature if applicable) (Jason Brown)_     **PA Bar# 79369**
                    Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TARYN MOSLEY, individually and on behalf of others similarly situated, | IAS LOGISTICS DFW, LLC d/b/a PINNACLE LOGISTICS, |

**(b)** County of Residence of First Listed Plaintiff   Lehigh County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310, (877) 561-0000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
Plaintiff

✖ 3  Federal Question
*(U.S. Government Not a Party)*

❏ 2  U.S. Government
Defendant

❏ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane  ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product  Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability  ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &  Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander  Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'  Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability  ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine  Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product  Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle  ❏ 370 Other Fraud | ✖ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle  ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | Protection Act |
| ❏ 190 Other Contract | Product Liability  ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal  Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise | Injury  ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | Exchange |
| | ❏ 362 Personal Injury -  Product Liability | ❏ 751 Family and Medical | | ❏ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights  **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 220 Foreclosure | ❏ 441 Voting  ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment  ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/  Sentence | | 26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 245 Tort Product Liability | Accommodations  ❏ 530 General | | | Act/Review or Appeal of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -  ❏ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment  **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of |
| | ❏ 446 Amer. w/Disabilities -  ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | State Statutes |
| | Other  ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education  ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

✖ 1  Original
Proceeding

❏ 2  Removed from
State Court

❏ 3  Remanded from
Appellate Court

❏ 4  Reinstated or
Reopened

❏ 5  Transferred from
Another District
*(specify)*

❏ 6  Multidistrict
Litigation -
Transfer

❏ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201 et seq, and attendant regulations at 29 C.F.R. § 516 et seq.
Brief description of cause:
Violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

## VII. REQUESTED IN COMPLAINT:

✖ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ✖ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE 4/13/20

SIGNATURE OF ATTORNEY OF RECORD   (Jason T. Brown)

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE